PEOPLE *v.* PERONI.

DISORDERLY HOUSES—STATUTES—CRIMINAL LAW.
Evidence examined, and *held*, to sustain a verdict of guilty in a prosecution against the keeper of a house of ill-fame.

Exceptions before sentence from Houghton; Streeter,

J. Submitted January 18, 1912. (Docket No. 156.) Decided March 12, 1912.

John Peroni was convicted of being the keeper of a house of ill-fame. Affirmed.

*William McDonald*, Prosecuting Attorney, for the people.

*J. F. Hambitzer*, for respondent.

BROOKE, J. Respondent, having been convicted of being the keeper of a house of ill-fame resorted to for the purpose of prostitution and lewdness, reviews his case in this court upon exceptions before sentence. His exceptions are set out as follows:

"(1) For the reason that no evidence was introduced to show that the house in question was resorted to for the purpose of prostitution and lewdness as contemplated by the statute under which complaint was made.

"(2) For the further reason that no evidence was introduced to prove that lewd people resorted to said house within the period mentioned in the information filed in said case.

"(3) For the further reason that no evidence was introduced to show that the women being in said house during the period named were lewd women or prostitutes.

"(4) For the further reason that no evidence was introduced to show that during said period the house in question was a house of ill-fame of the type intended to be reached by said statute.

"(5) For the further reason that no evidence was introduced to show that during said period the said house had the reputation in the vicinity of being during said period a house of ill-fame of the type intended to be reached by said statute.

"(6) For the further reason that the few visits made during the period and few acts of unchastity testified to were insufficient to warrant a conviction under the information filed.

"(7) For the further reason that, if the house in question had the reputation testified to by the police officers alone, such reputation was not warranted either by the

number or persons visiting the said house, or the number of females living in said house, or the number of acts of unchastity committed during said period and under the circumstances testified to.

"(8) For the further reason that the evidence does not show that the respondent, during said period, kept such place for the purpose of prostitution and lewdness, but that the acts of sexual intercourse were few, exceptional, and in no manner frequent or regular to bring said house during said period within the statute in question.

"(9) Because the evidence, under the most stringent view, merely shows that the respondent was the keeper of a small rooming house and restaurant, in which during the period in question a few acts of intercourse were committed between a few persons not shown to be lewd or prostitutes."

Respondent relies upon the decision of this court in the case of *People* v. *Pinkerton*, 79 Mich. 110 (44 N. W. 180).

We are of the opinion that the decision in that case does not rule the case at bar. To set out at large in this opinion the testimony of the various witnesses whose evidence tended to prove the commission of the offense charged, would be of no advantage to the profession. It is sufficient to say that, aside from the testimony of the police officer Tibor and the night watchman Wright, testimony was given by the two women, Selma Johnson and Nellie O'Brien, as well as by Bourrett, Herten, and Malmonini, which, under the careful instructions of the court, fully warranted the jury in reaching the conclusion that respondent was guilty as charged. *People* v. *Wheeler*, 142 Mich. 212 (105 N. W. 607).

The conviction is affirmed, and the court is directed to proceed to judgment.

MOORE, C. J., and STEERE, McALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.